IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD MICHAEL KENYON, | : |
|     Plaintiff | : |
|        v. | : Case No. 3:21-cv-170-KAP |
| CORRECTIONS OFFICER MOFFITT, | : |
| *et al.*, | : |
|     Defendants | : |

<u>Memorandum Order</u>

    Plaintiff Kenyon filed a complaint in October 2021, alleging an excessive use of force in May 2021 by defendants Moffitt, Zeak, and Bowden, three corrections officers at the Blair County Prison, when Kenyon was temporarily housed there as a pretrial detainee in Blair County and/or while serving a sentence imposed in Somerset County. Kenyon also named "Blair County Jail" and Lieutenant Landis at the Somerset County Prison as defendants.

    I ordered service in October 2021. In January 2022, I cautioned Kenyon that the failure to submit the paperwork for service would result in dismissal for failure to prosecute. By February 2022, Kenyon had sent the paperwork for service on some defendants to the Clerk, and waivers of service were obtained from the three corrections officers and the prison. Kenyon did not attempt service on defendant Landis.

    The three served corrections officer and Blair County Prison filed a motion to dismiss in May 2022, ECF no. 18, to which Kenyon responded with an amended complaint at ECF no. 21. It attempts to state a claim against a fourth corrections officer at the Blair County Prison, defendant Murray, for allegedly "retaliating for access to courts." Kenyon subsequently moved in June 2022 for leave to file a second amended complaint, *see* ECF no. 28. The proposed second amended complaint deletes the Blair County Prison as a defendant. It seeks to add additional claims concerning alleged inadequacies in Kenyon's medical care against different defendants, and it fleshes out the excessive use of force claim against the original three officer defendants, and elaborates on what Kenyon calls defendant Murray's alleged intimidation and retaliation. The background and motivation for the alleged excessive use of force differ radically from what Kenyon alleged in the original complaint.

    Having reviewed the proposed amended complaint attached to the motion at ECF no. 28, I direct the Clerk to file it as a Second Amended Complaint. It is adequate to state a claim for excessive use of force under <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986) (corrections officers violate the Eighth Amendment by using force "maliciously and

sadistically for the very purpose of causing harm.") against defendant Moffitt and squeaks over the line at this point as to defendants Zeak and Bowden. Having screened it under the Prison Litigation Reform Act, I find it is inadequate to state any retaliation claim against defendant Murray because there are no nontrivial adverse actions alleged by Murray. Kenyon's one nontrivial allegation, that Murray denied him medical treatment, is contradicted two pages earlier in the very same paragraph, Second Amended Complaint ¶10.

Plaintiff can bring his medical claims, if he wishes, in another suit. It has taken almost a year for plaintiff to supply paperwork for the service of three of the defendants named in his original complaint, and there is no good reason to delay the disposition of a simple and discrete excessive use of force claim by joining it to what if they were adequately pleaded would be distinct claims not involving common questions of law or fact (with distinct exhaustion issues), and that are at present mere expressions of dissatisfaction by Kenyon about his medical care. Federal Rule of Civil Procedure 20(a)(2) permits joinder of claims when:

(A) any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Under Rule 20(a)(2), claims that are unrelated because they do not share common questions of law or fact, or because they do not arise out of the same series of occurrences, cannot be lumped together. While Fed.R.Civ.P. 1 commands that pleadings be liberally construed to do justice with a minimum of delay and expense, Rule 1 and Rule 20 do not give license to join unrelated claims and defendants in one lawsuit. *See* Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir.2007). The proposed medical defendants are dismissed without prejudice.

The complaint as amended is dismissed without prejudice as to defendant Landis. After notice, Kenyon submitted no service paperwork for him. In the latest version of the complaint it is not even clear that Kenyon still has any intent to advance a claim against Landis, but if he does Kenyon can bring any claims against defendant Landis in a separate complaint because of the same Rule 20 considerations noted above: Landis allegedly committed a separate assault on Kenyon at a different prison at a different time.

The Clerk shall correct the spelling of the defendants' names in the caption. The complaint as amended is dismissed with prejudice as to defendant Murray. No leave to amend is granted because allowing a fourth try would be inequitable.

   The Clerk shall mark ECF no. 16 denied as moot; ECF no. 18 denied as moot; ECF no. 23 denied as to defendants Moffitt, Zeak, and Bowden, and granted as to Blair County Jail/Prison by this Memorandum Order; ECF no. 26 denied as moot; and ECF no. 28 as granted by this Memorandum Order. The Clerk shall add the additional defendants named by Kenyon in the Second Amended Complaint to the caption and then mark them dismissed without prejudice for the reasons stated above.

   The three remaining defendants shall file an answer within twenty days. A discovery schedule will be issued thereafter.

DATE: August 30, 2022

                Keith A. Pesto,
                United States Magistrate Judge

Notice by U.S. Mail to:

   Todd Kenyon, No. 20-0462
   Somerset County Jail
   127 East Fairview Street
   Somerset, PA 15501