IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD MICHAEL KENYON, | : |
|     Plaintiff | : |
|     v. | : Case No. 3:21-cv-170-KAP |
| CORRECTIONS OFFICER MOFFITT, | : |
| *et al.*, | : |
|     Defendants | : |

## Memorandum Order

After disposing of summary judgment three weeks ago, I scheduled this mater for a pretrial conference this morning and gave notice to the parties. Plaintiff did not appear, nor did he contact the court. I placed on the record the history of the Clerk's notice to plaintiff and my analysis of the Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984) factors to consider in imposing a sanction for failure to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) any history of delay; (4) whether the conduct of the party or attorney at fault was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the merit of the claim or defense.

Weighing the Poulis factors, I conclude that dismissal of the complaint without prejudice is the appropriate sanction. It is not necessary that all the Poulis factors weigh in favor of dismissal. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir.1988). The sanction for failure to prosecute must balance the Court's need to control its own docket against the goal of disposing of litigation on its merits, *see* In re Asbestos Products Liability Litigation (No. VI), 718 F.3d 236, 246 (3d Cir.2013), recognizing that in the absence of "substantial" reasons to the contrary, cases should be decided on the merits. Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019). That implies some meritorious or at least colorable claim exists, and although that cannot be said about most of plaintiff's complaint, a triable issue remains as to one defendant. Trial requires both sides to cooperate in preparing.

Under Poulis and Hildebrand, plaintiff's failure to attend or to call to reschedule, unless he shows some failure due to someone else in getting notice from the Court to him, cannot be construed as anything other than willful. Counsel for the defendant estimates the cost to the defense of preparation and attendance at today's failed hearing at a very reasonable $400. Sanctions such as monetary penalties are generally inappropriate with indigent plaintiffs, but there are no other sanctions available. On balance, the Poulis factors counsel dismissing the complaint without prejudice to reinstating it upon payment by plaintiff of the defense's costs. If plaintiff does not do that within a reasonable time, I

1

will dismiss the matter with prejudice for failure to prosecute.

DATE: February 22, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Todd Kenyon
Hope Center Ministries
11076 County Line Road
Greenville, PA 16125